**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OLEH GRIGORIEVICH RUTKO, | No. 07-72681 |
| Petitioner, | Agency No. A074-857-240 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:     SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Oleh Grigorievich Rutko, a native of the former Soviet Union and citizen of

Ukraine, petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

application for asylum and withholding of removal. Rutko also seeks review of the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

IJ's finding that he filed a frivolous application for asylum. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence findings of fact, including adverse credibility determinations. *See Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001). We review a determination that an applicant knowingly made a frivolous application for asylum for compliance with a procedural framework outlined by the BIA. *See Ahir v. Mukasey*, 527 F.3d 912, 917 (9th Cir. 2008). We review de novo due process claims. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2002). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination based upon Rutko's submission of a fraudulent visa with his asylum application. *See Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir. 2004) (fraudulent documents going to the heart of the claim may justify an adverse credibility finding); *see also Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (date of entry is one of the key elements of the asylum application that must be credibly established by the applicant). Accordingly, Rutko's asylum and withholding of removal claims fail. *See Farah*, 348 F.3d at 1156-57.

The record does not compel reversal of the IJ's determination that Rutko filed a frivolous asylum application because: (1) Rutko was given notice of the consequences of filing a frivolous application; (2) the IJ made specific findings

that Rutko knowingly filed a frivolous application based on his submission of a fraudulent visa; (3) the IJ's frivolous findings were supported by a preponderance of the evidence; and (4) Rutko was given sufficient opportunity to explain why he initially testified the fraudulent visa he submitted was valid, and failed to do so. *See Ahir*, 527 F.3d at 917-19; *In re Y-L-*, 24 I. & N. Dec. 151, 155-162 (BIA 2007).

Finally, Rutko contends his due process rights were violated because the IJ should have continued proceedings to allow a full psychological examination, and should have rendered a decision when Rutko submitted his case on the declaration. These contentions fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice for petitioner to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**